**No. 22-1399**

---

**IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

---

**CRAIG JOHNSON, JR,**
**Plaintiff-Appellant,**

**v.**

**UNITED STATES,**
**Defendant-Appellee**

---

**APPEAL FROM THE UNITED STATES COURT OF FEDERAL CLAIMS IN NO. 19-904C, JUDGE ZACHARY N. SOMERS**

---

**REPLY BRIEF FOR MR. CRAIG JOHNSON, JR.**

**WILLIAM E. CASSARA, ESQ.**
**WILLIAM E. CASSARA P.C.**
**918 Hunting Horn Way**
**Evans, GA 30809**
**Tel: (706)-860-5769**
**Fax: (706) 868-5022**
**Email: bill@courtmartial.com**

**Attorney for Plaintiff-Appellant**

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ........................................................................... ii

STATEMENT OF RELATED CASES ................................................................. iii

SUMMARY OF THE ARGUMENT .......................................................................1

ARGUMENT ...........................................................................................................2

THE UNITED STATES FAILS TO ACKNOWLEDGE THE DEFINITION OF SEPARATION IN MARCORSEPMAN ¶ 1002(5), WHICH CLEARLY INCLUDES A TRANSFER TO THE IRR AS A FORM OF SEPARATION, THUS TRIGGERING PROCEDURAL SAFEGUARDS ..........................................................................................2

CONCLUSION AND REQUEST FOR RELIEF ...................................................7

CERTIFICATE OF COMPLIANCE .......................................................................8

# TABLE OF AUTHORITIES

## CASES

*Prestonback v. United States*, 965 F.3d 1363 (Fed. Cir. 2020) ...............................2

*Palantir USG, Inc. v. United States*, 904 F.3d 980 (Fed. Cir. 2018)........................2

## REGULATIONS

MARADMIN 552.15 ..........................................................................................1

MCO 1900.16 ..........................................................................................2, 5

MCO P1300.8R .......................................................................................... 1-2

## STATEMENT OF RELATED CASES

Pursuant to Fed. Cir. R. 47.5, Mr. Johnson's counsel is unaware of any other appeals taken from the same proceedings before the United States Court of Federal Claims to this Court or any other appellate court. Also, counsel is unaware of any cases that will directly affect or be directly affected by this Court's decision in this appeal.

No. 22-1399

IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

CRAIG JOHNSON, JR,
Plaintiff-Appellant,

v.

UNITED STATES,
Defendant-Appellee

APPEAL FROM THE UNITED STATES COURT OF FEDERAL CLAIMS
IN NO. 19-904C, JUDGE ZACHARY N. SOMERS

**REPLY BRIEF FOR MR. JOHNSON, JR.**

## SUMMARY OF THE ARGUMENT

The United States Marine Corps separated appellant early and without separation proceedings as a result of his failure to execute PCS orders. Mr. Johnson was denied notice and opportunity to a separation board before being separated with a stigmatizing reentry code that prevented his promotion to Warrant Officer. The Board for Correction of Naval Records (BCNR) rejected Mr. Johnson requests to correct his military records. The trial court remanded the BCNR to again consider Mr. Johnson's request, and they declined to change their opinion. The government argues that Mr. Johnson was properly separated pursuant to the authority in MARADMIN 552.15, MARCORSEPMAN 1005 ¶ 3, and MCO

P1300.8R ¶ 1102, which do not require a separation board or greater notice than a page 11 entry. We respectfully disagree.

## ARGUMENT

### THE UNITED STATES FAILS TO ACKNOWLEDGE THE DEFINITION OF SEPARATION IN MARCORSEPMAN ¶ 1002(5), WHICH CLEARLY INCLUDES A TRANSFER TO THE IRR AS A FORM OF SEPARATION, THUS TRIGGERING PROCEDURAL SAFEGUARDS.

This court has the burden to review "a decision of the Court of Federal Claims granting or denying a motion for judgment on the administrative record de novo, applying the same standard of review as the trial court." *Prestonback v. United States*, 965 F.3d 1363, 1368 (Fed. Cir. 2020) (citing *Palantir USG, Inc. v. United States*, 904 F.3d 980, 989 (Fed. Cir. 2018) (additional citation omitted)).

The government, and the BCNR, on remand, argue that Mr. Johnson was "terminated from employment." Mr. Johnson was transferred from the AR program to the IRR program after requesting to remain at his current duty location instead of executing PCS orders. The Board argues that the Plaintiff was not "separated" from the Marine Corps, but instead "released from a period of active duty service." Appx550. The Board relies on the MARCORSEPMAN (Marine Corps Order (MCO) 1900.16) to support their position that Plaintiff was not separated from active duty, but instead transferred to the IRR. Appx550.

The Board said as follows:

> At the outset, the record must be corrected that you were not "separated" from the Marine Corps such that you were terminated from employment. Per the MARCORSEPMAN, Reservists in the AR Program are issued a DD Form 214 when released from a period of active duty service. These DD Form 214 termination of active duty documents are not separation documents that would fall under the purview of the MARCORSEPMAN chapter regarding total separation (or firing) from service, but instead note the completion of required active service. Additionally, the Board noted that in your contention, you incorrectly stated "separation to the FMCR" because the DD Form 215 issued on 11 July 2013 corrected your DD Form 214 to read "transferred to the IRR." Appx550.

The MARCORSEPMAN is the authority on procedures for separating Marines. According to paragraph 1001(1), the manual provides procedures for separation Marines:

> a. Upon fulfillment of service obligation/requirement by reason of expiration of active service (EAS), expiration of obligated service (EOS), resignation, and transfer to the Retired List, Fleet Marine Corps Reserve (FMCR), or Retired Reserve; or,
>
> b. Before completion of service obligation by reason of administrative separation, both voluntary and involuntary; disciplinary action; disability; failure of selection for promotion; and resignation for cause in the case of certain officers.

Mr. Johnson's factual situation falls into paragraph b, as he was separated administratively, involuntarily, before completion of his service obligation.

The main issue in the case boils down to how to interpret the word "separation" and whether the procedural protections that apply to a Marine who is being involuntarily separated apply to the facts of this case. The definition of "Separation" in the MARCORSEPMAN ¶. 1002(50) is as follows:

> A general term which includes discharge, dismissal, dropping from the rolls, revocation of an appointment or commission, termination of an appointment, *release from active duty*, release from custody and control of the Marine Corps, or *transfer from active duty to the: IRR*, Fleet Marine Corps Reserve, Retired List, Temporary or Permanent Disability Retired List, or Retired Reserve and similar changes in an active or reserve status. Appx665.

This contradicts the BCNR's finding that the Plaintiff was not separated, he was instead "released" from active duty, as these exact exactions fall under the definition and specific examples of what entitles a separation. On Mr. Johnson's DD 214, the separation authority listed was MARCORSEPMAN ¶1005, with the narrative reason of "expiration of term of service." This paragraph assumes that the servicemember has completed their period of enlistment, or fulfilled their service obligation. This provision says the following:

1. Commanders are authorized to discharge enlisted Marines upon expiration of enlistment, extension of enlistment, or period of induction. The expiration of enlistment for any of the above is the date of the month immediately preceding the appropriate anniversary of the date of enlistment as adjusted for any time lost. Refer to subparagraph 1007.7c for additional guidance regarding the date of separation should this date fall on a Saturday, Sunday, or holiday.

2. Marines who elect to reenlist within 90 days before their expiration of active service are afforded the same benefits as though they were discharged at their EAS except as stated in reference (k) MCO 7220.24N, Selective Reenlistment Bonus (SRB/ESR) Program. The reason for discharge will be expiration of enlistment.

3. Except for reenlistment or when discharge is otherwise directed by competent authority, enlisted Marines who have not completed the military service obligation prescribed in reference (a) Title, 10 U.S.C. 651, will not be discharged upon expiration of enlistment. They will be released from active duty and transferred to the IRR. *Marines separated*

> *before their expiration of enlistment will be transferred to the IRR subject to the guidance in paragraphs 6311.3 and 6401.5.*
>
> 4. When a Reservist is released from extended active duty vice initial active duty for training and transferred to the Reserve component vice discharged (e.g., recruiter's aide assigned to temporary active duty), use MBK4 as the separation program designator (SPD) code. See appendix A for instructions on accessing SPD codes. Appx673.

As this was listed as the reason of Mr. Johnson's separation on his DD 214, it logically follows that per paragraph 1005(3), he was "separated before the expiration of enlistment" and should "be transferred to the IRR." While he was in fact transferred to the IRR, the BCNR and the government fail to recognize this transfer was a *separation* before the expiration of his enlistment.

The BCNR's findings was that Mr. Johnson had completed his active duty and, as a Reservist, was being released from a period of activation or active duty and transferred to the IRR under provision 4 of para 1005. Appx673. The trial court on the other hand, found that Mr. Johnson was correctly separated under para 1005, provision 3.

The government argues that Mr. Johnson does not offer any authority to show that he was entitled to the notification requirements. However, MCO P1900.16F ¶ 6303 has been provided and applies to Mr. Johnson's situation. The Board said these procedures were not required because Mr. Johnson was not "separated," but also because there was a MARADMIN that took authoritative precedence over the MARCORSEPMAN. Appx532.

According to ¶ 6303(a), notice is required to “any Marine being recommended for separation.” As it has already been established that Mr. Johnson was being separated with his involuntary transfer to the IRR before the end of his enlistment period. As a result, all of the procedural requirements that follow under ¶ 6303(a) apply. Subparagraph (2) requires notification on whether the separation could result in “discharge, release from active duty to a Reserve component, transfer from the Selected Reserve to the IRR, …, or other form of separation.” There is a procedural requirement to allow the Marine the opportunity to submit statements on their own behalf, and also to request an administrative board if the Marine has 6 or more years of total service. Appx678.

The trial court argued that Mr. Johnson failed to “pay heed to the opening paragraph of chapter 6” which provides that “unless specifically authorized by separate order, only the reasons contained in this chapter may form the basis for a Marine’s separation, whether voluntarily or involuntarily.” Appx6-7 (quoting MARCORSEPMAN ¶ 6001, Appx678). The trial court argued that the chapter 6 procedures and instructions were superseded when “specifically authorized by separate order.” Appx7; Appx678.

As stated above, however, Mr. Johnson was separated under MARCORSEPMAN ¶ 1005, not by a separate order. MARADIM 552/12 was

used to justify the early separation prior to the end of Mr. Johnson's enlistment period, but it was not the separation authority.

Mr. Johnson does not dispute the validity of MARADMIN 552/12, just its applicability to supplant the notification procedures required in the MARCORSEPMAN for involuntary separations. There was nothing voluntary in his transfer to the IRR, and by definition, it was a separation. This action should have required the more formal notification procedures to be followed, to include written notification, the opportunity to speak with counsel, the opportunity to submit formal letters, and the opportunity to elect a separation board.

## CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Mr. Johnson respectfully requests that this Court reverse the decision of the trial court and remand to the trial court with instructions to enter judgment in favor of Mr. Johnson.

Respectfully submitted,

/s/ William E. Cassara
WILLIAM E. CASSARA, Esquire
918 Hunting Horn Way
Evans, GA 30809
Tel: (706)-860-5769
Fax: (706) 868-5022
Email: bill@courtmartial.com

Attorney for Plaintiff-Appellant

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(a)(7)(B), this brief contains 1,589 words, as calculated by Microsoft Word, the word processing software used to prepare this brief, using a 14-point proportionally spaced typeface and type style pursuant to Fed. R. App. P. 32(a)(5) & (6).

/s/ William E. Cassara